IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                            Case No.  21-10013-02-JWB

MARIO TREJO-CHAVEZ,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce sentence.  (Doc. 110.)  The motion is fully briefed and ripe for decision.  (Doc. 112.)[1]  The motion is DENIED for the reasons stated herein.

**I.**       **Procedural History**

On February 23, 2021, Defendant was charged by way of indictment with distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  (Doc. 1.)  On February 22, 2022, Defendant pleaded guilty to a superseding information charging him with distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 75.)  The court directed the United States Probation Office to prepare a presentence investigation report ("PSR").  The PSR reflects that Defendant's total criminal history score was three, which established a criminal history category of II.  (Doc. 86 ¶ 67.)  Defendant was not awarded any status points for committing the crime while being under a criminal justice sentence.

Defendant now moves to amend his sentence on the basis that he meets certain criteria under the amended guidelines.

---

[1] Defendant did not file a reply and the time for doing so has now passed.

**II.     Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."  *See*  United  States  Sentencing  Comm'n,  Amendment  821, https://www.ussc.gov/guidelines/amendment/821 (last visited April 17, 2024).

First, the amendment to the guidelines affected the number of status points that could be assigned to criminal defendants who committed an offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e).  Defendant did not receive status points so this amendment would not have impacted his sentence.

Second, the amendment created a new guideline for zero-point offenders.  *See* § 4C1.1. This provision applies if a defendant did not receive any criminal history points.  *Id.* § 4C1.1(a)(1). Because Defendant received criminal history points, this amendment also provides no relief to Defendant.

### III.    Conclusion

Defendant's motion to reduce sentence (Doc. 110) is DENIED.

IT IS SO ORDERED.  Dated this 18th day of April, 2024.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
